**SIAO MING LIEM, Mee King Wong, Petitioners,**

v.

**Alberto GONZALES, Respondent.**

No. 06–3001–ag.

United States Court of Appeals,
Second Circuit.

June 12, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Jamie M. Dowd, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Siao Ming Liem, a native and citizen of Indonesia, and petitioner Mee King Wong, a native and citizen of Malaysia, seek review of a June 5, 2006 order of the BIA affirming the January 13, 2005 decision of Immigration Judge ("IJ") Helen Sichel denying Petitioner Liem's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Siao Ming Liem and Mee King Wong,* Nos. A96 266 890, A96 266 891 (B.I.A. June 5, 2006), *aff'g* Nos. A96 266 890, A96 266 891 (Immig. Ct. N.Y. City Jan. 13, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ We lack jurisdiction to consider the agency's finding that Liem's asylum application was inexcusably time-barred, except to the extent that he raises constitutional claims or questions of law in his petition for review. *See* 8 U.S.C. §§ 1158(a)(3); 1252(a)(2)(D). Because Liem's brief does not include any challenge to this finding, his asylum claim is dismissed for lack of jurisdiction. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330–31 (2d Cir.2006).

■ We also deem Liem's CAT claim waived, in light of his failure to raise it in his brief to this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

■ Finally, in considering Liem's withholding of removal claim, we must decline to address the IJ's adverse credibility finding because Liem failed to raise that issue in his brief to the BIA, and, largely for this reason, the BIA sustained that finding. *See Lin Zhong v. United States Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007). Accordingly, the only issue before this Court is whether the background evidence establishes a pattern or practice of persecution against ethnic Chinese Indonesians, such that Liem was more likely than not to

experience a threat to his life or freedom, absent any credible evidence of past persecution or the resulting presumption of a future threat. *Cf.* 8 C.F.R. § 1208.16(b)(1)(i), (iii).

The BIA reasonably found that the record did not support such a finding in light of the information in the 2002 State Department report and its precedential holding in *Matter of A–M–*, 23 I. & N. Dec. 737, 741 (BIA 2005). As the BIA found in *A–M–*, the 2002 report indicated that there were "instances of discrimination and harassment" against ethnic Chinese, but did "not describe persecution so systemic or pervasive as to amount to a pattern or practice of persecution." *Id.* The BIA also reasonably found that Liem's submission of the 2003 International Religious Freedom report was insufficient to establish a relevant, material change in conditions specific to ethnic Chinese Indonesians, and that therefore, he failed to establish eligibility for withholding of removal.

For the foregoing reasons, the petition for review is DISMISSED, in part, and DENIED, in part. The stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.